1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    REFUGIO ARAIZA ESCALANTE,              No.  2:15-cv-1451-EFB P

12                Plaintiff,

13          v.                               ORDER GRANTING IFP AND DISMISSING
                                             COMPLAINT PURSUANT TO 28 U.S.C. §
14    CALIFORNIA DEPARTMENT OF               1915A
      CORRECTIONS, et al.,
15
                Defendants.
16

17

18          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

19    U.S.C. § 1983.[1]  He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C.

20    § 1915.

21    **I.    Request to Proceed In Forma Pauperis**

22          Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

23    Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

24    and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25    § 1915(b)(1) and (2).

26

27          [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
      § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  See E.D. Cal. Local
28    Rules, Appx. A, at (k)(4).

                                                1

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

2

1    **III.    Screening Order**

2        The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the

3    allegations are too vague and conclusory to state a cognizable claim for relief.  The complaint

4    names a "Nurse(s) Doe" and a "Doctor Doe" as defendants and the allegations consist of the

5    following:

6        All defendants named in this civil rights lawsuit violated plaintiffs 8th Amend right
         to be free from cruel and unusual punishment by deliberate indifference to
7        plaintiffs serious medical needs such as (1) stomach bleeding from "E coli." (2)
         miss diagnosed as "Flu" which allowed the Eoli to do permanent damage to
8        plaintiff's organs.  Additionally defendant knew or should have known plaintiff
         was in immediate danger with escrutiating pain.
9

10   ECF No. 1, § IV.  Plaintiff's appears to be attempting to assert Eighth Amendment claims of

11   deliberate indifference to medical needs against unknown defendants.  However, he has not

12   pleaded sufficient facts to state a proper claim for relief.  Although the Federal Rules adopt a

13   flexible pleading policy, a complaint must give fair notice and state the elements of the claim

14   plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

15   Plaintiff must allege with at least some degree of particularity overt acts which defendants

16   engaged in that support plaintiff's claim.  *Id.*  Because plaintiff fails to state a claim for relief, the

17   complaint must be dismissed.  In addition, plaintiff's naming of Doe defendants is problematic.

18   Unknown persons cannot be served with process until they are identified by their real names and

19   the court will not investigate the names and identities of unnamed defendants.

20       Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable

21   legal theory against a proper defendant and sufficient facts in support of that cognizable legal

22   theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must

23   afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

24   Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set

25   forth the claims and allegations against each defendant.  Any amended complaint must cure the

26   deficiencies identified above and also adhere to the following requirements:

27   /////

28

3

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed.  *See* Local Rule 110.

In addition, the court notes that the following legal standards may apply to plaintiff's intended claim for relief.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

4

1    Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional

2    conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Plaintiff must

3    identify the particular person or persons who violated his rights.  He must also plead facts

4    showing how that particular person was involved in the alleged violation.

5         Claims for damages against the state, its agencies or its officers for actions performed in

6    their official capacities are barred under the Eleventh Amendment, unless the state waives its

7    immunity.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Will v. Michigan Dep't of

8    State Police*, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting in their official

9    capacities are persons under § 1983).  Section 1983 does not abrogate the states' Eleventh

10   Amendment immunity from suit.  *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979).  *See also

11   Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits

12   against state officials sued in their individual capacities, nor does it bar suits for prospective

13   injunctive relief against state officials sued in their official capacities).

14        To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

15   plaintiff must establish that he had a serious medical need and that the defendant's response to

16   that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see

17   also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

18   treat the condition could result in further significant injury or the unnecessary and wanton

19   infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial,

20   delay or intentional interference with medical treatment or by the way in which medical care is

21   provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

22        To act with deliberate indifference, a prison official must both be aware of facts from

23   which the inference could be drawn that a substantial risk of serious harm exists, and he must also

24   draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if

25   he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing

26   to take reasonable measures to abate it."  *Id.* at 847.  A physician need not fail to treat an inmate

27   altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*,

28   884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition,

1    even if some treatment is prescribed, may constitute deliberate indifference in a particular case.

2    *Id.*

3        It is important to differentiate common law negligence claims of malpractice from claims

4    predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.

5    In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

6    support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

7    1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391

8    F.3d 1051, 1057 (9th Cir. 2004).

9    **IV.**    **Summary of Order**

10        Accordingly, IT IS HEREBY ORDERED that:

11        1.   Plaintiff's request to proceed in forma pauperis (ECF No. 7) is granted.

12        2.   Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected

13           in accordance with the notice to the California Department of Corrections and

14           Rehabilitation filed concurrently herewith.

15        3.   The complaint is dismissed with leave to amend within 30 days. The complaint

16           must bear the docket number assigned to this case and be titled "Amended

17           Complaint." Failure to comply with this order will result in dismissal of this

18           action for failure to prosecute. If plaintiff files an amended complaint stating a

19           cognizable claim the court will proceed with service of process by the United

20           States Marshal.

21    Dated: January 26, 2017.

22        EDMUND F. BRENNAN

         UNITED STATES MAGISTRATE JUDGE